NOT DESIGNATED FOR PUBLICATION

No. 119,559

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALFRED D. TYLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed May 17, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before LEBEN, P.J., GREEN and POWELL, JJ.

PER CURIAM: Alfred Tyler appeals the district court's revocation of his probation and order to serve his underlying sentence. We granted Tyler's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded, and it requests that we affirm the district court's judgment.

Tyler pleaded guilty to one count of robbery in June 2011. He was sentenced to 36 months' probation with an underlying sentence of 130 months' imprisonment. Tyler was found to have violated his probation in January 2017 by failing to report to probation, failing to pay his court costs, failing to submit to random drug screens, associating with felons, and possessing illegal narcotics. As a result, the district court revoked Tyler's probation and ordered that he serve his underlying sentence, finding that he was a risk to public safety and would not benefit from continued time on probation.

On appeal, Tyler argues that the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence. The district court abuses its discretion when it makes an error of law or fact, or when judicial action is so "arbitrary, fanciful, or unreasonable" that no reasonable person could agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Once the district court found that Tyler violated the conditions of his probation, the decision of whether to revoke Tyler's probation traditionally has "rest[ed] in the sound discretion of the district court." See *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). On appeal, the district court's "exercise of discretion will not be overturned if reasonable people could agree with [its] decision." *State v. Mosher*, 299 Kan. 1, 1, 319 P.3d 1253 (2014).

The district court's discretion is now limited by a statute governing probation revocation. K.S.A. 2018 Supp. 22-3716(b) and (c) now generally require that the district court impose intermediate sanctions—some shorter time in the county jail or a state prison—before ordering that the defendant serve the full underlying prison term. But there are a few exceptions to this rule. For example, the court doesn't have to impose intermediate sanctions if it "finds and sets forth with particularity the reasons for finding" that reinstating the defendant's probation would endanger the public or that the offender's welfare wouldn't be served by an intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(9)(A).

Here, the district court found that putting Tyler back on probation would risk public safety and that Tyler wouldn't benefit from the probation. Those findings have not been challenged on appeal. So the district court wasn't required to use intermediate sanctions, and the only issue is whether the district court abused its discretion.

While Tyler suggests that the district court's decision was unreasonable, we find that a reasonable person could agree with the district court. Tyler failed to do the minimum requirements of his probation, such as reporting to a probation officer and showing up for a drug test. And he was on probation for robbery, a person-felony offense. The district court did not err in revoking Tyler's probation and imposing his underlying sentence.

We affirm the district court's judgment.